[No. 13776.   In Bank. — May 4, 1891.]

LEO B. GARDNER, RESPONDENT, v. FRED STROE-
VER, APPELLANT.

NUISANCE — OBSTRUCTION OF HIGHWAY — PRIVATE RIGHT OF ACTION. —
If the obstruction of a highway affects a person only in common with the
public at large, in respect to the use of the highway, he cannot have a
private action therefor; but if the free use of his private property is in-
terfered with by the obstruction, he may bring a private action to abate
the nuisance.

ID. — PREVENTING ACCESS TO SLAUGHTER-HOUSE. — The owner of a slaughter-
house situated on a public highway, who is accustomed to slaughter a
number of animals each day, and has no other place for slaughtering
them, is specially injured by an obstruction erected in the highway for
the purpose and which has the effect of preventing him from reaching his
slaughter-house, and he has a right in his own name to commence and
maintain an action to abate it.

ID. — OBSTRUCTION COMPLETED BEFORE SUIT — MANDATORY INJUNCTION —
ABATEMENT OF NUISANCE. — An obstruction to the free use of property,
so as to interfere with its comfortable enjoyment, is a nuisance, and not-
withstanding it existed before the commencement of the action, it may be
abated by a mandatory injunction, or by a judgment that the obstruction
be removed and the nuisance abated.

ID. — PRELIMINARY INJUNCTION. — Mandatory preliminary injunctions are
seldom granted, and only in a peculiar class of cases; and, obviously,
alleged nuisances ought not, in ordinary cases, to be abated by preliminary
injunction.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion.

*H. V. Rearden,* and *Rearden & Freer,* for Appellant.

An injunction will not be granted, where it appears
that the acts the performance of which is sought to be
restrained had been performed before the order for the
injunction was made or served. (*Delger* v. *Johnson,* 44
Cal. 185; *Gardner* v. *Stroever,* 81 Cal. 148.) If the in-
jury be already committed, the writ can have no operation
to correct it, and equity will not interfere for the pur-
poses of punishment, or to compel persons to do right,
but only to prevent them from doing wrong. (1 High on

Injunctions, ed. of 1880, pp. 3, 5.) The act complained of is *per se* a public nuisance, because it interferes with the free use of the road by the traveling public in general, and not merely some particular person; it is therefore an offense against the public which is remediable by the public only, and not actionable, except where an individual has suffered some special damage beyond what is common to himself with the rest of the public. (*Marini v. Graham*, 67 Cal. 132; 1 High on Injunctions, ed. of 1880, sec. 762; *Yolo Co.* v. *Sacramento*, 36 Cal. 196; *Lewiston T. Co.* v. *S. & W. W. R. Co.*, 41 Cal. 562; *Jarvis* v. *S. C. V. R. R.*, 52 Cal. 438; *Bigley* v. *Nunan*, 53 Cal. 404; *Payne* v. *McKinley*, 54 Cal. 533; *Tibbets* v. *Blade*, 60 Cal. 430; *Crowley* v. *Davis*, 63 Cal. 461; *Hogan* v. *C. P. R. R. Co.*, 71 Cal. 86.)

*Gray & Sexton*, for Respondent.

The complaint stated facts showing that the plaintiff was suffering injuries special to himself. And if such was the case, he had a cause of action. (Civ. Code, sec. 3493; *Schulte* v. *N. P. T. Co.*, 50 Cal. 592; *Severy* v. *C. P. R. R. Co.*, 51 Cal. 194.)

BELCHER, C. — The plaintiff brought this action to obtain an injunction restraining the defendant from maintaining an obstruction upon a public highway, and for damages.

The complaint alleges that there is, and for more than ten years has been, a public road, situate in Butte County, and about seventy rods in length, extending from the Oroville and Miner's Ranch public road to the residence of one Nancy Cooper; that plaintiff is in possession and entitled to the possession of a slaughter-house situate on the south side of the said road, " and that the only means of entrance and exit to and from said slaughter-house to the said public highway leading from Oroville to Miner's Ranch, or any other public highway, is over and along

the said highway leading to the residence of Nancy Cooper aforesaid; that the defendant, on the twentieth day of February, 1889, wrongfully, unlawfully, and fraudulently, and for the purpose of vexing, annoying, and preventing this plaintiff from reaching his said slaughter-house, entered upon said public highway leading from the Oroville and Miner's Ranch road to the residence of Nancy Cooper aforesaid, at a point between plaintiff's slaughter-house and said Oroville and Miner's Ranch road, and caused to be erected across said public highway an obstruction, to wit, a building which completely obstructed said road, for all uses of a road, and wholly prevented this plaintiff from reaching his said slaughter-house; that plaintiff has no other way, convenient or otherwise, by which he can reach his said slaughter-house; that plaintiff is engaged in the butchering business in the town of Oroville, and is compelled, in order to supply the wants of his customers, to slaughter a number of animals each day; that he has no other place for slaughtering said animals than the place heretofore described; that if the defendant is permitted to maintain his said obstruction across the public road as aforesaid, plaintiff's business will be entirely destroyed and broken up, to his damage in the sum of five thousand dollars; that by reason of the acts heretofore complained of, plaintiff has been damaged in the sum of three hundred dollars."

The prayer was for damages in the sum of three hundred dollars, and a perpetual injunction.

The defendant demurred to the complaint, generally and specially, and his demurrer being overruled, answered denying all its averments.

After trial, the court found all the material allegations of the complaint to be true, except as to the damages sustained; and as a conclusion of law, that the plaintiff was " entitled to damages in the sum of one dollar, and to an injunction restraining the defendant from ob-

structing or maintaining any obstruction upon said road, and for costs of suit."

Judgment was accordingly so entered, and from it the defendant appealed, and has brought the case here on the judgment roll.

It is urged for appellant that the demurrer should have been sustained, because it appeared that the obstruction complained of was a public nuisance, and it did not appear that it was specially injurious to the plaintiff, or that he had suffered or would suffer any injury therefrom, other than what was common in kind and character to himself and all others living on the road beyond the point of obstruction, though on account of his business his injury might be greater in degree than theirs.

The codes contain the following provisions: "Anything which is . . . . an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance; and by the judgment, the nuisance may be enjoined or abated, as well as damages recovered." (Code Civ. Proc., sec. 731.)

"A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." (Civ. Code, sec. 3493.)

In *Blanc* v. *Klumpke*, 29 Cal. 156, it was held that if a nuisance in a highway only affect the plaintiff in common with the public at large in the use of the highway, he cannot have his private action; but if the free use of his private property is interfered with by such nuisance, he may have his private action to abate the same. And this seems to be the general rule, and well supported by the authorities. (See Wood on Nuisances, secs. 811, 830, and cases cited.)

Here it was alleged in the complaint and found by

the court that the plaintiff had a slaughter-house, where he was compelled, in order to carry on his business, to slaughter a number of animals each day, and that he had no other place for slaughtering the animals; that the obstruction was erected by the defendant for the purpose, and had the effect, to wholly prevent the plaintiff from reaching his slaughter-house, and if continued, would break up and destroy his business, to his damage in the sum of five thousand dollars.

This, we think, clearly shows that the nuisance was specially injurious to the plaintiff, and that under the well-settled rules of law he had a right in his own name to commence and maintain an action to enjoin or abate it.

It is further urged that the injunction ought not to have been granted, because it appeared that the obstruction sought to be enjoined actually existed at and before the time of filing the complaint (citing *Gardner* v. *Stroever*, 81 Cal. 148.)

This position cannot, in our opinion, be sustained. An obstruction to the free use of property, so as to interfere with its comfortable enjoyment, is a nuisance, and the statute says it may be enjoined or abated. Such an obstruction must necessarily have an actual existence before it can be a nuisance. The judgment here might have been in direct terms that the obstruction be removed and the nuisance abated; but the mandatory injunction granted was evidently intended to have, and did have, the same effect. It was therefore an authorized and appropriate remedy.

In the case cited, the appeal was from an order refusing to dissolve a preliminary injunction granted on the complaint alone. The order was reversed on the ground that the obstruction complained of already existed. The court said that "mandatory preliminary injunctions are seldom granted, and only in a peculiar class of cases, of which this case is not one."

We think the decision clearly right, but it in no way contravenes what has been said above. Obviously, alleged nuisances ought not, in ordinary cases, to be abated by preliminary injunctions, since it might appear on the trial that the alleged nuisance was not a nuisance, or that the plaintiff had no right to sue for its abatement in his own name.

It results, in our opinion, that the judgment should be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.