[L. A. No. 4903. Department Two.—May 7, 1919.]

# FRANK R. STRONG, Appellant, v. J. SULLIVAN, Respondent.

[1] NUISANCE — MAINTENANCE OF LUNCH WAGON IN CITY STREET — INTERFERENCE WITH USE OF STREET BY ABUTTING OWNER — INJUNCTION—MAINTENANCE UNDER LICENSE NO DEFENSE.—An owner of property abutting upon a city street is entitled to injunctive relief against a person who nightly maintains a portable lunch wagon and lunch counter directly in front of the portion of the building on said property occupied by a restaurant and cafe and which interferes with the right of ingress and egress to the building, notwithstanding such wagon and counter is conducted under a license from the city.

[2] ID.—INJURY TO USE OF STREET—RIGHT OF ABUTTING OWNER.—Any injury to the use of a street which impairs a property owner's private easements in the street in front of and adjacent to his lot amounts to an injury giving such abutting owner the right to maintain an action for damages or for an injunction.

[3] ID.—LACHES—STATUTE OF LIMITATIONS—CONTINUING NUISANCE.— In an action for injunctive relief from such a nuisance the finding that the street in front of plaintiff's property had been used every night by defendant and his predecessor for more than four years does not amount either to a finding of laches or of the operation of the statute of limitations against plaintiff, since the nuisance was not of a permanent character, but was a continuing one.

[4] ID.—PUBLIC NUISANCE—PRESCRIPTIVE RIGHT.—No lapse of time can legalize a public nuisance and a prescriptive right cannot be maintained against a public nuisance where the action is brought by a citizen who has suffered special injury in consequence thereof.

[5] ID.—ACTION FOR DAMAGES FOR NUISANCE—TIME.—Where the nuisance is of a permanent character the period runs from the time when the injury was done or the structure complained of erected; but where the nuisance is a continuing one an action for injuries from the continuance may be brought after the lapse of more than the statutory period since the creation of the nuisance.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Fredericks & Hanna for Appellant.

Francis P. Harrington for Respondent J. Sullivan.

MELVIN, J.—Plaintiff appeals from a judgment whereby he was denied injunctive relief against defendant, who each night between the hours of 6 P. M. and 2 A. M. (approximately) maintains and transacts a restaurant business upon a public street of the city of Los Angeles, in the vicinity of plaintiff's building.

The findings clearly disclose the facts, while the findings, conclusions of law, and judgment set forth the theory upon which the learned chancellor acted. Plaintiff has owned for many years the property at the southwest corner of Seventh Street and Central Avenue, two public streets of the city of Los Angeles. Upon this property is a two-story building occupied by tenants, the upper floors being devoted to hotel purposes and the lower to business pursuits of various kinds. One of the tenants on the ground floor, occupying a room facing on Seventh Street, conducts a restaurant.

Among the findings are the following: "That for a period of more than four years last past, defendant, J. Sullivan, and his predecessor, have on every evening, at about the hour of 6 o'clock P. M., brought a portable lunch wagon and lunch counter to that portion of Seventh Street directly in front of the premises of the plaintiff, and a few feet east of that portion of the building occupied by a restaurant and cafe; that said defendant has kept and maintained said portable lunch wagon and lunch counter at said point until about the hour of 2 o'clock A. M. the next morning; . . . that it is true that said lunch counter and lunch wagon obstructs the free use of the public street in front of the plaintiff's premises; that it is true that it interferes with the right of ingress and egress of plaintiff and of his tenants to and from his premises; that it is true that said lunch wagon and lunch counter occupy a portion of the public street, and it occupies the same under a license from the city of Los Angeles held by defendant J. Sullivan; that it is true that it does not pay any rent for the space so occupied; that it is true that said lunch wagon and lunch counter does enter into direct competition with a tenant of the plaintiff engaged in the restaurant business, who is compelled to pay rent to the plaintiff."

At the trial the defendant introduced in evidence a certain license of the city of Los Angeles granting him permission to transact "the business of Lunch Wagon" in conformity with the provisions of Ordinance No. 20,000 (New Series).

He also presented a permit issued by the health commissioner of the city to conduct a lunch wagon at No. 1244 East Seventh Street. This purports to be under the provisions of "Ordinance No. 25,035 (New Series)," but as the terms of that by-law are not set forth in the record we shall assume that the permit merely indicates that the place described and the manner of conducting the business are not dangerous to public health.

Ordinance No. 20,000 (New Series) is a license ordinance of the usual type providing for licensing, regulating, and carrying on certain professions, trades, callings and occupations. Section 76 of said ordinance fixes the amount of license which must be paid by those engaged in the business of selling certain enumerated articles "or edibles of any description from wagons, hand-carts, stands, trays or baskets, upon the public streets."

Obviously, the court refused relief to plaintiff under the belief that a license under the ordinance above cited was a permission from the city to defendant to establish a nightly "stand" or place of business in any public street without regard to the surrounding conditions. [1] This view was erroneous, and we are of the opinion that the ordinance and the license introduced in evidence failed to sustain the finding that the business was conducted at that place under license and the conclusion that plaintiff was therefore not entitled to the relief for which he prayed. The finding that defendant's wagon obstructed the ingress and egress of plaintiff and his tenants to and from his property, and interfered with the free use of the public street in front of his building, was equivalent to a holding that defendant was maintaining a public nuisance which was especially injurious to plaintiff and which, therefore, might be enjoined at his suit, because [2] any injury to the use of the street which impairs plaintiff's private easements in the street in front of and adjacent to his lot amounts to an injury giving plaintiff, as an abutting owner, the right to maintain an action for damages or for an injunction. The rights of such an owner and his remedies are learnedly discussed by Mr. Justice Shaw in the opinion in *Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592, [89 Pac. 330]. It is true that in the case cited it was held that the refusal to grant an injunction *pendente lite* must be upheld, because the court was charged with discretion to determine preliminarily

whether or not the detriment to plaintiff came within the rule *de minimis.* In the case at bar, however, there was no holding of negligible damage, but the court's action was based entirely upon the supposed efficacy of the license from the city. Therefore, the Williams case is authority which sustains plaintiff's theory. Essentially the same doctrine is declared in *McLean* v. *Llewellyn Iron Works,* 2 Cal. App. 346, [83 Pac. 1082, 1085] ; 28 Cyc. 902 ; 20 Ruling Case Law, 460 (Nuisances, sec. 77).

The power of municipalities to grant privileges for the use of streets is discussed in 28 Cyc., at page 870 et seq. After discussing the general rule, the text contains illustrations, some of which are stated on pages 872, 873, as follows: ''And a municipality has no power to grant to an abutting owner the right to so construct his building as to encroach on the street, nor to use the streets for stands or booths for business purposes, nor to use a street for the erection of private scales ; nor has the municipality the power to grant the right to use a part of a street for hack-stands, or to authorize awnings obstructing the public use of the way.''

It is clear that upon the principles announced above the plaintiff was entitled to the relief demanded.

[3] Nor does the finding that the street in front of plaintiff's property had been used every night by defendant and his predecessor for more than four years amount either to a finding of laches or of the operation of the statute of limitations against plaintiff. This nuisance was not of a permanent character, but was a continuing one. It involved no permanent structure, but was committed daily by the bringing of defendant's ambulatory cafe in front of plaintiff's building. [4] No lapse of time can legalize a public nuisance, and a prescriptive right cannot be maintained against a public nuisance where the action is brought by a citizen who has suffered special injury in consequence thereof. (*Bowen* v. *Wendt,* 103 Cal. 236, [37 Pac. 149].) No right by prescription may be acquired to obstruct a sidewalk. (*Ex parte Taylor,* 87 Cal. 91, [25 Pac. 258].) Nor to maintain any other sort of nuisance. (*Cloverdale* v. *Smith,* 128 Cal. 230 [60 Pac. 851].) In 29 Cyc., page 1261, the rule with reference to an action for damages for nuisance is thus correctly stated: [5] ''Where the nuisance is of a permanent character the period runs from the time when the injury was done or the structure

complained of erected; but where the nuisance is a continuing one an action for injuries from the continuance may be brought after the lapse of more than the statutory period since the creation of the nuisance." We are convinced that plaintiff was not prevented, either by the statute of limitations nor by laches, under the probative facts found, from maintaining his action.

The judgment is reversed.

Wilbur, J., and Lennon, J., concurred.