[Civ. No. 2703.   Third Appellate District.—March 31, 1924.]

THE PEOPLE, Appellant, v. CITY OF REEDLEY et al., Respondents.

[1] Nuisance — Discharging of Sewage into River — Permit from State Board of Health — Jurisdiction of Court. — A permit from the state board of health granting to a city the privilege of discharging sewage effluent into the waters of a given river under certain specified conditions provided for by the rules and regulations adopted by said board and issued after it has satisfied itself that such sewage effluent will not be injurious does not authorize such city to create or continue a nuisance or in anywise limit the power of the court to abate the same in the event it finds that a nuisance exists or is being created and continued under the claimed authority of such permit.

---

1.   See 20 R. C. L. 502.

[2] ID.—POWER OF STATE BOARD TO AUTHORIZE A NUISANCE.—Section 3482 of the Civil Code, which reads: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance," does not authorize anyone to discharge injurious matter into the waters of a public stream or empower the state board of health to issue a permit which would authorize any person to create a nuisance or continue a nuisance after being created.

[3] ID.—INJUNCTION—DEFENSES—ABSENCE OF NUISANCE—FINDINGS—IMMATERIAL ERROR.—In an action in the name of the state to abate an alleged public nuisance, consisting of the discharge by a city of its sewage effluent into the waters of a given stream, where the trial court has found, upon sufficient evidence, that said city is not maintaining a nuisance and that the injunction should not be granted, the judgment will not be reversed because of the error of the trial court in overruling plaintiff's demurrer to, and in denying plaintiff's motion to strike out, defendant's separate defense predicated upon a certificate from the state board of health to so dispose of its sewage effluent.

---

(1) 12 **C. J.**, p. 902, sec. 408. (2) 28 **Cyc.**, p. 1333. (3) 4 **C. J.**, p. 936, sec. 2909; p. 942, sec. 2914.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. R. McKay, District Attorney, H. Scott Jacobs, R. Justin Miller and F. E. Kilpatrick for Appellant.

C. W. Tackaberry and Frank Kauke for Respondents.

PLUMMER, J.—This action was brought in the name of the state of California by the district attorney of Kings County to abate an alleged public nuisance. The nuisance complained of consisted of the discharge, by the city of Reedley, of sewage effluent into Kings River at a point about nine miles from where Kings River crosses the county line between the county of Kings and the county of Fresno. The action was begun in the superior court of the county of Kings and thereafter transferred to the superior court of the county of Tulare for trial.

The complaint sets forth that Kings River is a large natural stream of water having its source in the Sierra Nevada Mountains and flowing in a general westerly direction

through the counties of Fresno and Kings in the state of California. That a large portion of the waters of said river are diverted from the river into the numerous canals and irrigation ditches radiating from the river in different directions; and that in cases of extreme flood the excess waters of said river empty into Tulare Lake; that the city of Reedley has a population of over two thousand people and is situated on the southeasterly bank of Kings River, about ten miles up the stream from the point where Kings River crosses the county line between Fresno and Kings Counties; that for more than three years last past the city of Reedley had been, and at the time of the filing of the complaint was, discharging sewage effluent and other substances into Kings River, which substances were offensive, injurious, and dangerous to health; that said substances were polluting the waters of Kings River and rendering it unfit for use and were constituting an obstruction to the free use of property to the inhabitants of a large number of residents of Kings County living along said river and, also, that said substances were rendering the waters of said river unfit for irrigation purposes, domestic purposes, and other purposes and uses to which said stream was naturally adapted were its waters pure and unpolluted. It is further set forth that such acts on the part of the city of Reedley are injurious to health, and will, unless restrained by the court, beget epidemics and various diseases to the great detriment of the inhabitants of Kings County.

As a defense to plaintiff's cause of action the defendants set forth that after due and regular proceedings taken and had therefor as provided by the Public Health Act, approved March 23, 1907 (Stats. 1907, p. 893), and the various amendments thereof, a permit had been issued by the state board of health authorizing said city to discharge sewage effluent into Kings River; that said permit was unrevoked and in full force and effect and, as a further and separate defense, the city of Reedley pleaded that the sewage effluent being discharged by it into the waters of Kings River had first been treated and subjected to such processes as rendered it harmless, free from deleterious substances and in such condition as to be nowise injurious to health or tending to render the waters of said river unfit for use. The issues thus presented were tried by the court, findings made in ac-

cordance with the defenses interposed by the defendants and judgment entered that the plaintiff take nothing by reason of its action. Plaintiff appeals from the judgment and as grounds of reversal urges that the permit issued by the state board of health to the city of Reedley constitutes no defense and that the testimony is insufficient to support the findings of the court that the city of Reedley is not discharging into the waters of the Kings River substances injurious to health, etc., and is not maintaining a nuisance.

[1] An examination of the authorities leads us to the conclusion that the appellant's first contention is correct, that is, that the permit by the state board of health, unrevoked at the time of the trial, is not a conclusive or absolute defense; that such a permit is only evidence that the state board of health has granted to the defendant city the privilege of discharging sewage effluent into the waters of Kings River under certain specified conditions provided for by the rules and regulations adopted by the state board of health and issued after the state board of health has satisfied itself that such sewage effluent will not be injurious. Such a permit does not authorize a city to create or continue a nuisance or in anywise limit the power of the court to abate the same in the event it finds that a nuisance exists or is being created and continued under the claimed authority of such a permit. Section 1 of the Public Health Act particularly sets forth that it is not the intent of the legislature in passing the act to limit any of the laws of the state relating to the preservation of public health but only to supplement the same. The power of the court to abate nuisances is found in section 5, article VI, of the constitution, and can only be limited or abridged in the manner provided for amending the constitution and not by legislative action. We do not think that section 3, providing that the city may be enjoined from discharging sewage effluent into the waters of any stream until the permit has first been obtained from the state board of health, tends in any manner to limit the constitutional power of the superior court to abate nuisances. It is a power given by the act of the state board of health in the exercise of its jurisdiction to conserve the health of the state to require cities to conform to all such regulations as the state board of health may deem necessary before such sewage effluent in any case may be

discharged into any of the public waters of the state of California.

The powers of the superior court in relation to nuisances and in the general exercise of its jurisdiction are set forth very concisely in the concurring opinion of Justice Sloss in the case of *Pacific Telephone etc. Co.* v. *Eshleman,* 166 Cal. 640, at page 690 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119, 1138] : ''The courts in this state derive their powers and jurisdiction from the constitution of the state. The constitutional jurisdiction can neither be restricted nor enlarged by legislative act. An attempt to take away from the courts judicial power conferred upon them by the constitution, or to impose upon them judicial powers not granted or authorized to be granted by the constitution is void.'' This statement of the law is supported by a long list of authorities there cited. **[2]** The defendants in connection with the first defense set out calls our attention to section 3482 of the Civil Code, which reads: ''Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance.'' We do not see that this section alters the situation in any particular. It certainly does not authorize anyone to discharge injurious matter into the waters of a public stream or empower the state board of health to issue a permit which would authorize any person to create a nuisance or continue a nuisance after being created. It has been held a number of times in this court that a license, permit, or franchise does not authorize the creation or maintenance of a nuisance. (*Voorheis* v. *Tidewater Southern Ry. Co.,* 41 Cal. App. 315 [182 Pac. 797] ; *Coats* v. *Atchison,* 1 Cal. App. 441 [82 Pac. 640] ; *Sullivan* v. *Royer,* 72 Cal. 248 [1 Am. St. Rep. 51, 13 Pac. 655].) Other states support the same rule. See extended note to *Missouri, Kansas & Texas Ry. Co.* v. *Mott,* 98 Tex. 91 [70 L. R. A. 579, 81 S. W. 285].

The fact that we agree with appellant as to the inconclusiveness of the first defense set out by the defendants in their answer is by no means decisive of this case. The trial court, while it permitted the defendants' first defense set forth in the answer to remain as a part of the pleadings in the case and allowed the defendants to introduce testimony showing the proceedings taken and had before the state board of health and the issuance of the permit as provided for in the

Public Health Act, did not base its findings and judgment thereon; that is to say, it did not stop simply with the introduction of the permit referred to herein, but allowed both the defendants and the plaintiff to introduce a great deal of testimony showing the character of the works maintained by the city of Reedley, the processes to which its sewage was subjected, and after a very full and complete admission of testimony, as to the present action of the city of Reedley, what it was doing to render the sewage effluent of the city harmless, came to the conclusion, as set forth in defendants' second defense, that the city of Reedley has not discharged into the waters of the Kings River any substance injurious to health or which prevented said waters from being safely put to any of the uses to which they were theretofore naturally adapted, and, upon these findings, drew its conclusions of law that the city of Reedley was not creating or continuing a nuisance and entered judgment denying the plaintiff's petition for an injunction. Upon the questions tendered by the defendants' second defense in their answer, much testimony is set out in the transcript. The plaintiff called as its principal witness F. E. Twining, a chemist, whose testimony tended to show that such sewage effluent was always a potential element of danger, but, as we read his testimony, we do not find anything therein going to the effect that the sewage effluent discharged by the city of Reedley into the waters of Kings River is absolutely inimical and a positive source of danger to the inhabitants using the waters of said stream in the manner and for the purposes to which it could be used were there no such sewage effluent discharged therein. The defendants, in support of the defense that the sewage effluent of the city was first rendered harmless before being allowed to find its way to the waters of Kings River, called as witnesses Andrew M. Jensen, a civil engineer and sanitary expert; Ida May Stevens, chief bacteriologist for the bureau of communicable diseases for the state board of health; R. F. Goudey, assistant engineer in charge of the bureau of sanitary engineering of the state board of health at Berkeley, California; Ralph Hilscher, a sanitary engineer and director of the bureau of sanitary engineering of the state board of health, and C. G. Gillespie, a sanitary engineer and at one time director of the state board of health. These witnesses went into the subject of

sewage disposal at considerable length and explained the various processes by which obnoxious substances are rendered harmless and also the various methods of disposing of such substances. These witnesses agree that sewage farms suggested by the plaintiff as a possible means of disposal were not advisable in this case, and their testimony also is to the effect that there is no reasonable probability for a communication of diseases by the sewage effluent discharge by the city of Reedley into the waters of Kings River when it was treated as it was being treated or processed at the time of the trial.

[3] Upon this testimony, covering a great many pages in the transcript, but, in substance and effect as above stated, the learned trial court found that the city of Reedley was not maintaining a nuisance and that the injunction should not be granted.

This being the finding of the court, and there being sufficient testimony to sustain such finding, it is wholly immaterial whether the trial court erred in overruling the plaintiff's demurrer to the defendants' answer and in denying the plaintiff's motion to strike out the defendants' first defense; that is, the defense of the certificate issued by the state board of health, because, if the city, at the time of the trial, was not maintaining a nuisance, whether the proceedings leading up to the issuance of the permit were regular or irregular, valid or void, would in nowise affect the judgment which the court should enter when it found that no present nuisance existed.

We therefore conclude that, irrespective of the first defense, the judgment of the trial court, based upon findings as just stated, showing no present nuisance, must be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 29, 1924.