[L. A. No. 19321.   In Bank.   Oct. 19, 1945.]

J. R. PHILLIPS, Appellant, v. CITY OF PASADENA, Respondent.

Roland Maxwell for Appellant.

Harold P. Huls, City Attorney, and H. Burton Noble, Assistant City Attorney, for Respondent.

GIBSON, C. J.—Plaintiff appeals from a judgment of dismissal entered upon the sustaining of a demurrer.

The complaint alleges that for more than thirty years plaintiff has been the owner of Camp Oak Wilde, a mountain resort operated on land leased from the federal government in the Arroyo Seco Canyon, outside the city limits of Pasadena. The only safe means of ingress and egress to the resort

was by a road partly within the limits of defendant city which was used by plaintiff, his patrons and the public generally, except for brief periods when obstructed or damaged by heavy rainfall. In 1938, defendant city closed the road by placing a locked gate across it at an intersection within the city, which was later removed on plaintiff's demand. The road was again closed in the same manner in March, 1941. Plaintiff alleged that because defendant had on a previous occasion removed the barrier on his demand, it did not become apparent that it was defendant's intention to permanently obstruct the road until after July 16, 1941. It is further alleged that as a result of the unlawful obstruction of the road during the period of six months prior to January 16, 1942, plaintiff's resort business was destroyed and he was damaged through the loss of patronage. Plaintiff's verified claim which was presented to the city on January 17, 1942, was rejected.

It is the rule in this state that a municipality may be held liable for creating or maintaining a nuisance even though a governmental activity is involved. (*Hassell* v. *San Francisco*, 11 Cal.2d 168 [78 P.2d 1021]; *Adams* v. *City of Modesto*, 131 Cal. 501 [63 P. 1083]; *Peterson* v. *City of Santa Rosa*, 119 Cal. 387, 392 [51 P. 557]; *Lind* v. *San Luis Obispo*, 109 Cal. 340 [42 P. 437]; Wood on Nuisances, 3d ed., vol. 1, p. 104; vol. 2, p. 1004.) Anything which unlawfully obstructs the free passage or use in the customary manner of a public street is a nuisance, and any person whose property is injuriously affected or whose personal enjoyment is lessened by a nuisance may maintain an action for damages or abatement. (Civ. Code, § 3479; Code Civ. Proc., § 731.) The unlawful barricading of a public street constitutes a nuisance for which a person specially injured may maintain an action (Civ. Code, § 3493; *Gardner* v. *Stroever*, 89 Cal. 26 [26 P. 618]; *Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118, 120 [92 P. 70, 125 Am.St.Rep. 47]; *Strong* v. *Sullivan*, 180 Cal. 331, 333 [181 P. 59, 4 A.L.R. 343]) and where such an obstruction cuts off all means of ingress and egress the nuisance is especially injurious within the meaning of the rule. (*Gardner* v. *Stroever, supra.*)

Defendant contends, however, that the city has general authority to vacate streets whenever public interest or convenience so requires, and that the complaint is fatally defective because of the absence of allegations showing that the street was not closed pursuant to such authority. The Street Opening Act of 1889 (Sts. & Hy. Code, § 3200 et seq.) confers

on the city the right to vacate streets and prescribes a definite procedure to be followed, with provisions for compensation. If the street were closed under express authority of a statute, the erection of the barrier could not be deemed to create a nuisance (Civ. Code, § 3482), but it does not necessarily follow that an injured party is not entitled to damages. (4 McQuillin, Municipal Corporations [rev. ed. 1943], § 1422.) Plaintiff did not specifically allege that the street was not vacated pursuant to the authority contained in the act but he stated the facts relative to the barricading of the street, and alleged the closing was unlawful. This was sufficient as against a general demurrer. Moreover, defendant concedes in its briefs that it did not purport to proceed under the act, but asserts that the street was closed under its police power because it concluded the street was unsafe for use. Even if we assume that defendant could permanently close the street under its police power, plaintiff, in order to state a cause of action, was not required to negative the existence of facts which defendant might assert as the basis of its right to exercise such power.

Defendant next contends that the complaint shows the claim was not filed within time. The city charter provides that all claims for damages must be presented within six months after the occurrence, event or transaction upon which the claim is founded. The road was closed in March, 1941, and the claim was not filed until January, 1942, more than nine months thereafter. Plaintiff asserts that the maintenance of the locked gate constituted a continuing nuisance, giving rise to separate causes of action, and that he filed his claim for damages within six months after July 16, 1941, when he first became aware that defendant intended to keep the gate locked permanently. He waives all claims to damages accruing prior to July 16, 1941.

Where a nuisance is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the nuisance is created. (*Strong* v. *Sullivan,* 180 Cal. 331, 334 [181 P. 59, 4 A.L.R. 343]; 39 Am.Jur. p. 391.) On the other hand, if the nuisance may be discontinued at any time it is considered continuing in character. (*Kafka* v. *Bozio,* 191 Cal. 746, 751 [218 P. 753, 29 A.L.R. 833]; *Strong* v. *Sullivan, supra.*) Every repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for

damages until the nuisance is abated, even though an action based on the original wrong may be barred. (*Kafka* v. *Bozio*, 191 Cal. 746, 751 [218 P. 753, 29 A.L.R. 833] ; *Strong* v. *Sullivan*, 180 Cal. 331, 334 [181 P. 59, 4 A.L.R. 343] ; 2 Wood on Nuisances (3d ed.), p. 1308; to the same effect are: *Vowinckel* v. *N. Clark & Sons*, 216 Cal. 156, 164 [13 P.2d 733] ; *Collins* v. *Sargent*, 89 Cal.App. 107, 116 [264 P. 776] ; *Williams* v. *Blue Bird Laundry Co.*, 85 Cal.App. 388, 395 [259 P. 484] ; *cf. Knight* v. *City of Los Angeles*, 26 Cal.2d 764 [160 P.2d 799] ; *Natural Soda Prod. Co.* v. *City of Los Angeles*, 23 Cal. 2d 193 [143 P.2d 12].)

We cannot say, as a matter of law, that the locked gate constituted a permanent nuisance, since it appears from the allegations in the complaint that it could have been removed at any time. If the nuisance was in fact continuing in character, the claim was filed within time.

The judgment is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.