[Civ. No. 17957.   First Dist., Div. One.   Apr. 20, 1959.]

MARIE STRZELCZYK et al., Appellants, v. GUSTAV MARKI et al., Respondents.

Edward L. Cragen for Appellants.

Ropers & Majeski for Respondents.

BRAY, P. J.—Plaintiffs appeal from a judgment on an order sustaining demurrer to second amended complaint without leave to amend.

### QUESTIONS PRESENTED

■ Does section 340, subdivision 3, Code of Civil Procedure (the one-year statute of limitations) apply? This in turn primarily depends upon whether the rule of a continuing nuisance involving damage to land applies to personal injuries.

## Record

The complaint alleges that from June 15, 1951, to July 31, 1955, plaintiffs rented from defendants a four-room furnished apartment under a month to month tenancy. Defendants agreed to assume the obligations of ordinary upkeep, maintenance and care of the premises, and appliances therein, including the plumbing, all of which was warranted to be in good working condition and not injurious to health or life. During the tenancy, defendants operated, maintained, permitted and supervised an open sump-type sewer directly subjacent to the bedroom of the apartment, in a dangerous, defective and unlawful condition. Said sewer was open and received discharges of human waste from a toilet in another apartment. The discharges into the sewer emitted noxious and toxic gases and fumes which plaintiff Marie inhaled "during the said period of time, or for a long time during the said tenancy, in sufficient quantities to cause her to be sick, ill and become injured . . ." The exact date of the installation of the sewer is unknown to plaintiffs. In 1953, defendants installed a gas stove and oven in the kitchen of plaintiffs' apartment. It was so carelessly, negligently and unlawfully maintained, repaired and connected that it caused certain noxious and toxic gases and fumes to escape which were inhaled by plaintiff Marie after its installation to and including the 31st day of July, 1955, causing her to be sick, ill and injured. There follows detail of plaintiff Marie's illness alleged to have been caused as above. Plaintiffs allege general damages in the sum of $75,000 and special damages of $1834.64. A general demurrer and one stating that the alleged cause of action is barred by section 340, subdivision 3, Code of Civil Procedure, was sustained without leave to amend.

## Statutes of Limitation

Plaintiffs, citing Civil Code, section 3479, and Health and Safety Code, sections 15024 and 17821, contend they have alleged both a common law nuisance and a nuisance *per se.* They then contend that they have alleged a continuing nuisance, citing *Phillips* v. *City of Pasadena,* 27 Cal.2d 104 [162 P.2d 625], and *Kafka* v. *Bozio,* 191 Cal. 746 [218 P. 753, 29 A.L.R. 833], to the effect that a nuisance which presumably will continue indefinitely is considered a permanent one, and the limitations period runs from the time the nuisance is created, but a nuisance which may be discontinued at any time is considered a continuing one, and that every repetition of a continuing nuisance is a separate

wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred. Those are unquestionably the rules as to damage to real property from a nuisance. But plaintiffs have not cited and we have not found any authority for applying in the field of personal injuries (and plaintiffs claim only personal injury) the distinction between a continuing and a permanent nuisance. It seems that the one year statute applies to actions for personal injuries, no matter in which manner the plaintiff alleges his cause of action. See *Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18 [266 P.2d 163], where the court applied the one year statute to a cause of action for personal injuries based on an alleged breach of warranty. The statute begins to run upon the commission of the wrongful act even though some or most of the resulting damage does not occur until later. See *Sonbergh* v. *MacQuarrie*, 112 Cal.App.2d 771 [247 P.2d 133] (hearing denied by Supreme Court).

Nowhere in the complaint do plaintiffs allege the commission of separate wrongful acts. The complaint shows that the wrongful acts occurred not later than January 15, 1953, the date when plaintiff Marie is alleged to have become sick by reason of defendant's acts. (The original complaint was filed May 25, 1956.)

There may be some question as to whether plaintiffs have alleged a continuing nuisance even under the land nuisance cases. As before stated, the complaint alleges that her illness from the alleged acts of defendants occurred on or about January 15, 1953, more than three years before the action was filed. At that time, plaintiffs could have maintained an action. In any event, the authorities concerning damage to real property from nuisances do not establish any precedent in the field of personal injuries even though the proximate cause amounts to a nuisance. Nor do they seem applicable by way of analogy. This action is for personal injuries and governed by a specific statute of limitations (Code Civ. Proc., § 340, subd. 3). Language in cases like *Phillips* v. *City of Pasadena, supra,* 27 Cal.2d 104, dealing with real property situations, therefore, cannot apply here.

The judgment is affirmed.

Wood (Fred B.), J., and Hanson, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.