[No. 15295.    Department Two.—June 26, 1894.]

J. J. BOWEN, Respondent, *v.* G. WENDT, Appellant.

Public Nuisance—Pollution of Waters of Creek—Special Injury to Plaintiff.—A plaintiff specially injured by acts of the defendant which constitute a public nuisance, consisting of the pollution of the waters of a stream by offal of a slaughter-house, may maintain an action to enjoin and abate the nuisance.

Lapse of Time—Prescriptive Right.—No lapse of time can legalize a public nuisance amounting to an actual obstruction of public right, and a prescriptive right cannot be maintained against a public nuisance where the action is brought by a private party who has suffered special injury in consequence thereof.

Appeal from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. C. Kennedy, H. V. Morehouse, Hiram D. Tuttle,* and *Morehouse & Tuttle,* for Appellant.

The complaint only charges a private nuisance, and against a private nuisance the statute of limitations runs, and the defendant acquired a prescriptive right to pollute the stream in question. (Wood on Nuisances, 2d ed., secs. 704-31; 6 Lawson on Rights, Remedies, and

Practice, sec. 2954; *Merrifield* v. *Lombard,* 13 Allen, 16; 90 Am. Dec. 172; *Jones* v. *Crow,* 32 Pa. St. 398; *Hayes* v. *Waldron,* 44 N. H. 580; 84 Am. Dec. 105; *Crosby* v. *Bessey,* 49 Me. 539; 77 Am. Dec. 271; Washburn on Easements, 4th ed., 2, 403, 405, 406, 669–71, 676.) If it be admitted that the nuisance was a public one, still this action cannot be maintained, as a private person has a remedy only against a private nuisance. The injury must be special in character, and not merely in degree, before the private individual can sue. (*McCloskey* v. *Kreling,* 76 Cal. 511; *Hogan* v. *Central Pac. R. R. Co.,* 71 Cal. 83; *Bigley* v. *Nunan,* 53 Cal. 403; *Crowley* v. *Davis,* 63 Cal. 460; *Marini* v. *Graham,* 67 Cal. 130.)

*Frs. E. Spencer,* and *D. W. Burchard,* for Respondent.

The complaint avers every fact necessary to constitute a nuisance, and that such nuisance is specially injurious to the plaintiff, and therefore is sufficient. (Code Civ. Proc., sec. 731; Civ. Code, sec. 3479; *Yolo County* v. *Sacramento,* 36 Cal. 195.) The objection that the law does not permit plaintiff to sue for a public nuisance is negatived by the express provisions of the code. (Civ. Code, sec. 3493; *Blanc* v. *Klumpke,* 29 Cal. 156; *Yolo County* v. *Sacramento,* 36 Cal. 195.) No lapse of time can legalize a public nuisance. (Civ. Code, sec. 3490; *People* v. *Gold Run etc. Co.,* 66 Cal. 152; 56 Am. Rep. 80; *Hoadley* v. *San Francisco,* 50 Cal. 275.) And a prescriptive right cannot be set up against an action by a private person any more than against the public. (*Mills* v. *Hall,* 9 Wend. 315; 24 Am. Dec. 160; *Woodruff* v. *North Bloomfield etc. Co.,* 9 Saw. 513–17.)

The COURT.—Plaintiff is the owner of certain land and premises containing twenty-five acres, more or less, situate in the county of Santa Clara, through which a stream, known as Coyote creek, runs, and upon said land and near said stream the plaintiff has his dwelling-house.

Plaintiff uses his land for grazing cattle and other domestic animals, and the waters of said stream are useful and necessary for the watering of plaintiff's stock.

Defendant maintains a slaughter-house upon or near the stream above plaintiff's premises, from which the offal, etc., is turned into said Coyote creek, pollutes the waters thereof so that they are unfit for domestic use and unfit for cattle, and the odors therefrom are injurious to health, etc.

Plaintiff avers a nuisance, and that he is specially injured thereby beyond the general injury to others, etc.

Defendant, in addition to general denials, sets up in his answer facts tending to establish a prescriptive right to use the stream as a place of deposit for the offal from his slaughter-house.

The cause was tried by the court without the intervention of a jury, and written findings waived.

Plaintiff had a decree enjoining defendant from depositing the blood, offal, etc., from his slaughter-house in the stream, which decree recites that for more than two years next before the commencement of the action the defendant had been guilty of maintaining and committing a public nuisance by polluting the waters of Coyote creek by, etc., and that said nuisance has been specially injurious to the plaintiff, etc.

The evidence was sufficient to show that the acts of the defendant constituted a public nuisance, and that the plaintiff was specially injured thereby. He might, therefore, maintain the action. (Civ. Code, sec. 3493; *Payne* v. *McKinley*, 54 Cal. 532; Code Civ. Proc., sec. 731.)

"No lapse of time can legalize a public nuisance amounting to an actual obstruction of public right." (Civ. Code, sec. 3490; *People* v. *Gold Run etc. Co.*, 66 Cal. 152; 56 Am. Rep. 80; *Hoadley* v. *San Francisco*, 50 Cal. 275.)

A prescriptive right cannot be maintained against a public nuisance where the action is brought by a private party who has suffered special injury in consequence thereof. (*Woodruff* v. *North Bloomfield etc. Co.*, 9 Saw. 513–17; *Mills* v. *Hall*, 9 Wend. 315; 24 Am. Dec. 160.)

The judgment and order appealed from are affirmed.