[Civ. No. 4688.   First Appellate District, Division Two.—September 1, 1923.]

## MRS. L. MILLS, Respondent, v. THE RICHMOND COMPANY, INCORPORATED (a Corporation), Appellant.

[1] VENDOR AND VENDEE—RESCISSION—BREACH OF COVENANT TO PERFORM STREET WORK—MATERIALITY OF COVENANT—QUESTION FOR TRIAL JUDGE.—In an action by a vendee for rescission of a contract for the purchase of two lots upon the ground that defendant breached its covenant to perform street work, the question of the importance and materiality of the covenant was one for the trial judge to determine.

[2] APPEAL — WEIGHT OF TESTIMONY — FINDING. — The testimony of witnesses called at the trial should not be weighed or analyzed on appeal, and if any evidence is found in the record to sustain a finding it should not be disturbed.

[3] VENDOR AND VENDEE—RESCISSION—BREACH OF COVENANT TO PERFORM STREET WORK—MATERIALITY OF COVENANT—FINDING—EVIDENCE.—In this action by a vendee for rescission of a contract for the purchase of several lots upon the ground that defendant breached its covenant to perform street work, it cannot be said on appeal that there is not some evidence to support the finding that the covenant for street work was a material consideration of the contract; and this being so, the breach of the covenant was a sufficient ground for rescission.

[4] CORPORATIONS—OWNERSHIP OF ENTIRE STOCK BY INDIVIDUAL—DISREGARD OF SEPARATE ENTITIES—EQUITY.—When an individual conducts his business under a corporate name owning all the stock of the corporation except a few qualifying shares, the difference between the individual and corporate entities will be disregarded if necessary to work out equitable ends.

[5] VENDOR AND VENDEE — RESCISSION — LACHES—FINDING. — In an action by a vendee for rescission of a contract for the purchase of several lots upon the ground that defendant breached its covenant to perform street work, a finding that plaintiff was not guilty of laches cannot be overthrown, where the complaint does not show laches as a matter of law and it is found that all its allegations

---

1. False statement by vendor of intention to make improvement affecting property sold as fraud sufficient to avoid contract of sale or deed, note, Ann. Cas. 1914B, 862.

Right of vendee to rescind contract for sale of land because of vendor's breach of covenant to make improvements, notes, 21 L. R. A. (N. S.) 823; L. R. A. 1917B, 403.

are true, and the defendant offered no evidence to prove the defense of laches, the burden of proving which rested upon it.

[6] ID.—INTEREST—TIME.—In such action, the plaintiff was entitled to interest from the date of rescission and not from the time of payment of each installment of the purchase price of the lots.

[7] ID.—MODIFICATION OF JUDGMENT — CORRECTION BY TRIAL COURT— APPEAL COSTS—DISALLOWANCE OF.—In such action, the claim of the defendant that because of the modification of the judgment in favor of plaintiff by striking therefrom all interest allowed prior to the date of rescission, it should have its costs on appeal cannot be sustained, since if the error had been called to the attention of the trial court it could have been corrected without an appeal.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

A. L. Weil and Forrest A. Cobb for Appellant.

Lovett K. Fraser for Respondent.

NOURSE, J.—This is an action for rescission of a contract for the purchase of two lots in the city of Richmond, Contra Costa County. The grounds of rescission are defendant's breach of its covenant to perform street work. The case was before this court on a previous appeal (56 Cal. App. 774 [206 Pac. 486]), wherein it was held that the complaint pleaded a cause of action and the order of the trial court sustaining a demurrer thereto was reversed. On the trial of the case the parties stipulated to the material facts in controversy, but offered some evidence showing that the actual cost of the street work in front of these two lots would have been fifty dollars, but that the plaintiff had been led to believe that the entire street would be improved at the time the work in front of her lots was done. It was then stipulated that these lots were in a subdivision and that no street work had been done on the street where they were located except some grading. On these stipulations, and on the evidence offered, the trial court found that the covenant to perform the street work was a material consideration of the contract and that the plaintiff would

not have agreed to purchase said lots except for said covenant. It also found that the allegations of the complaint in general were true and that the plaintiff was not guilty of laches.

On this appeal the appellant presents four points for consideration: (1) That the evidence is insufficient to support the finding that the covenant was material; (2) that, as the appellant is the assignee of the original vendor and as such has received only a portion of the payments for the lots, it could be required to return, on rescission, only what it received; (3) that the respondent is guilty of laches, and (4) that respondent was not entitled to interest on the purchase installments prior to the date of rescission.

(1) On the prior appeal this court said: "No one, we take it, would have the temerity to claim, as a matter of law, that the cost of the street work fronting a city lot could be treated as *de minimis*. Again, so far as the item may be said to be trivial, the question seems to be settled in California against the contention of the respondent. (*Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356].)" It might be added that no one taking a contract for the purchase of lots in a new subdivisional tract of land would assume from a covenant such as we have here that the vendor would lay a sidewalk and pave the street in front of the lot sold only and leave the purchaser sunk in the midst of the tract without either street or sidewalk approaches. **[1]** But, irrespective of the probable cost of the work in front of the two lots, the question of the importance and materiality of the covenant was one for the trial judge. Appellant insists that the evidence is insufficient because the respondent in some way qualified her testimony on cross-examination and adds that "it is elementary that when a witness makes an unqualified statement on direct examination and then qualifies or explains it on cross-examination, or on redirect, that the original unqualified statement is not the testimony of the witness; the testimony is the statement together with the qualification or explanation given. A finding which is supported by the unqualified testimony of a witness, given on direct examination, but which is contrary to the testimony of the witness as qualified or explained by the witness on cross-examination, or on redirect, is not supported by the testimony of such

witness.'' We do not understand this to be a correct statement of the law so far as the function of an appellate court is concerned. [2] The supreme court has repeatedly held that we should not weigh or analyze the testimony of witnesses called at the trial, but that if any evidence is found in the record to sustain the finding we should not disturb it. [3] We cannot say that there is not some evidence to support the finding that the covenant for street work was a material consideration of the contract, and this being so the breach of the covenant was a sufficient ground for rescission.

(2) Appellant has not referred us to any authority holding that the assignee of a contract of sale of real property may not be required to restore the entire consideration under a judgment of rescission. The vendee, of course, is required to restore the property to the assignee and it would seem to follow, as a matter of equity, that he would not have to depend upon a divided liability on account of the assignment. We do not have to decide the question here because the court found that the original vendor, Brown, owned all the stock of the appellant corporation at the time of the assignment of the contract with the exception of two shares. [4] Through a long line of decisions the rule has been announced that when an individual conducts his business under a corporate name owning all the stock of the corporation except a few qualifying shares the difference between the individual and corporate entities will be disregarded if necessary to work out equitable ends.

[5] (3) Upon the question of laches the appellant argues that the evidence shows ''indolence, folly and a careless indifference to ordinary and accessible means of information on the part of respondent.'' She replies that this issue is closed by the former decision of this court holding that the complaint pleaded a cause of action and by the findings of the trial court that these allegations were true. The appellant concedes that the former decision is the law of this case if respondent ''establishes the allegations of her complaint and if appellant does not establish any competent legal defenses.'' Assuming in accord with this concession that the former decision controls to the extent that the complaint does not show laches as a matter of law, then the issue becomes a matter of special defense, the burden of

proving which falls upon the appellant. It offered no evidence of any kind to prove this defense and thus the finding of the trial court, based upon the parties' stipulation, that the allegations of the complaint were true, leaves the case the same as it was on the consideration of the demurrer on the former appeal.

[6] (4) Respondent concedes that interest should run from the date of rescission and not from the time of payment of each installment. The amount of the excess interest allowed in the judgment does not appear. The judgment will, therefore, be modified by striking therefrom all interest allowed prior to April 6, 1921, the date of rescission, the exact amount to be ascertained by the trial court when the *remittitur* goes down, and, as so modified, the judgment is affirmed. [7] Appellant insists that because of this modification it should have its costs on this appeal. But if the error had been called to the attention of the trial court it could have been corrected without an appeal.

Judgment modified and affirmed, with costs to respondent.

Langdon, P. J., and Sturtevant, J., concurred.