[Civ. No. 5990.   Third Appellate District.—May 24, 1938.]

CARRIE M. SMALLPAGE, Respondent, v. TURLOCK IR-
RIGATION DISTRICT et al., Appellants.

Griffin & Boone, E. T. Taylor and W. Coburn Cook for Appellants.

Lafayette J. Smallpage and Forrest E. Macomber for Respondent.

PULLEN, P. J.—This is an action brought by plaintiff as the owner of certain lands against the Turlock Irrigation District and the City of Turlock to quiet title to certain lands.

Between lots 13 and 14 and lots 11, 12 and 17 of Robosson Colony No. I, in the county of Stanislaus, is a strip of land 80 feet in width, over and across which are certain drainage canals; one used by the Turlock Irrigation District as a drainage canal and the other used by the City of Turlock as a drainage canal and as a sewerage outlet. This part of the sewerage system of the City of Turlock extends from the city farm for approximately two miles through a 24-inch pipe line, then empties into an open drain, which extends perhaps a mile

further in a westerly direction, and in turn empties into the open drain running southerly between these parcels of plaintiff's property, and eventually into the San Joaquin River.

In 1913 and 1914 the land owners, including plaintiff's predecessors in interest, granted by deed to the Turlock Irrigation District a strip of land 80 feet in width, which deed also contained a condition providing if the district should cease to maintain a canal on this right of way the property would revert to the grantors. The only exception to this is in regard to lot 11, which shows no grant to the Turlock Irrigation District, but it appears that no taxes have been paid by plaintiff upon the land during the period of time here in question. From the granting of this strip a canal has been maintained by the district; first a dirt canal from 1914 to 1918, and then a cement canal was constructed on the west one-half paralleling the dirt drainage canal on the east one-half of the right of way. In 1923 Turlock Irrigation District purported to grant to the City of Turlock the right to use certain of its drainage canals, and particularly the dirt drainage canal above referred to, known as the Chatom drain. The cement canal conveys irrigation water and also acts as a drainage ditch for surplus waters. The dirt drainage ditch is used for some natural drainage by the City of Turlock but principally to convey sewage from the city sewer farm.

The City of Turlock in addition to denying plaintiff's title to the 80-foot strip, alleged an easement from the Turlock Irrigation District; claimed title by adverse user; prayed for declaratory relief, and set up facts to show a public use and necessity of said drain as a basis for the application of inverse condemnation. The answer of the Turlock Irrigation District denied plaintiff's title, pleaded the statute of limitations and alleged title in fee and right of possession to be in itself.

After trial a decree quieting title in favor of plaintiff was entered. The findings and judgment held that the right of the Turlock Irrigation District in the 80-foot strip amounted only to an easement for the purpose of conveying drainage and irrigation waters, but the City of Turlock had no right whatever in the easement. Both the district and the city have appealed from the judgment, contending that there is no evidence to support the judgment, and contending further that the case is a proper one for inverse condemnation, and that

the trial court erred in the allowance of certain costs to plaintiff.

At the trial plaintiff offered in evidence the deeds by which her title was deraigned, and rested. It was stipulated that neither plaintiff nor her predecessors have been assessed for any taxes on the 80-foot strip. The defendants introduced the deeds granting portions of the property to the Turlock Irrigation District, the agreement between the district and the City of Turlock for the use of the canals, the resolution of the city council of Turlock showing public necessity of the use of the drainage canal, and testimony showing the physical facts, the length of use and the necessity of use of the ditches for irrigation, drainage and sewage disposal. Plaintiff then offered testimony that mosquitoes bred in the drainage canal and that there was a disagreeable odor from the Chatom drain.

Upon appeal appellants urged, first, that the trial court erred in the allowance of certain costs to plaintiff; second, there was error in the admission of evidence of a public nuisance; third, the evidence showed that the City of Turlock had a valid easement by grant from the Turlock Irrigation District, and that the district had title by grant, and that the plaintiff had no interest in the property in issue; fourth, that if appellants did not have title by grant, they had title by prescription; fifth, that the trial court should have permitted the exercise of the power of eminent domain by the City of Turlock.

Considering these points in the order named, we find that the City of Turlock moved to tax certain costs, representing certified copies of deeds used at the trial, being plaintiff's exhibits 1 to 17 inclusive. ■ It has frequently been held that an order on motion to retax costs made after the rendition and entry of final judgment, is appealable as a special order, and is not reversible on an appeal from the judgment. (*Empire Co.* v. *Bonanza Co.*, 67 Cal. 406 [7 Pac. 810]; *Hand* v. *Carlson*, 138 Cal. App. 202 [31 Pac. (2d) 1084]; sec. 963, Code Civ. Proc.)

■ As to the contention that the court erred in the admission of evidence of a public nuisance, we find the City of Turlock attempted to set up a title by prescription to the land in dispute, and that it had since 1922 made use of the open earthen ditch, the so-called Chatom drain, as a means of dis-

posal of all of the sewage of the City of Turlock, and by this use claimed the city had acquired an easement by prescription over and across respondent's land.

In answer to this contention appellant offered evidence in rebuttal as to the breeding of mosquitoes and the offensive odors arising from the canal. The rule is well established that one may not acquire an easement by prescription to maintain a public nuisance, and there can be no prescriptive right to pollute a stream to the detriment of the public. (*Bowen* v. *Wendt*, 103 Cal. 236 [37 Pac. 149] ; *Strong* v. *Sullivan*, 180 Cal. 331 [181 Pac. 59, 4 A. L. R. 343] ; *Vowinckel* v. *N. Clark & Sons*, 216 Cal. 156 [13 Pac. (2d) 733] ; *City of Turlock* v. *Bristow*, 103 Cal. App. 750 [284 Pac. 962] ; *Adams* v. *City of Modesto*, 131 Cal. 501 [63 Pac. 1083].) It would therefore appear that there was no error in the admission of the evidence as to public nuisance.

The court after hearing the evidence and visiting the lands of plaintiff found that ''during all of said time said use constituted a public nuisance with substantial injury to plaintiff herein''.

It is next claimed by appellants that the evidence shows that the City of Turlock had a valid easement by grant from the Irrigation District which itself had title by grant, and that plaintiff had no interest in the property. Before the City of Turlock, however, could establish any right in the property it had first to establish that its grantor, Turlock Irrigation District, had such an easement over the land of respondent, and that it could convey the same to the City of Turlock. Appellants attempted to do this by introducing certain deeds from respondent's predecessor to the Irrigation District, claiming that the deeds were grants in fee and not easements. An examination of these deeds reveals that they contain certain recitals hereinafter set out, from which it would appear that the conveyance was limited to the purposes of irrigation and for no other purpose. In *Parks* v. *Gates*, 186 Cal. 151 [199 Pac. 40], the contention was made that a certain deed vested in Gates' title in fee to a strip of land. Parks claimed the deed conveyed only an easement for a right of way for road purposes, and that in any event he had acquired the right to maintain an irrigation ditch across the road by adverse user and also as an incident of the conveyance between himself and the former owner. The court

found that title to the strip of land was in Parks subject to an easement in favor of Gates for road purposes only. This construction was upheld on appeal. The court further said that in determining the effect of a deed the whole instrument must be read together and the *habendum* clause may be resorted to as a limitation upon the estate granted.

In the deed before us we find, following the description, the words: "Conveying said land of the said party of the second part for the use and purposes of such a canal and waterway." We also find the following: "If the same be not needed or used or if such canal be abandoned, said land shall revert to the party of the first part, his heirs, executors, administrators or assigns."

In support of the contention the grant created an easement in the grantee only, the cases of *Moakley* v. *Los Angeles Pac. Ry. Co.,* 139 Cal. App. 421 [34 Pac. (2d) 218], and *Marlin* v. *Robinson,* 123 Cal. App. 373 [11 Pac. (2d) 70], are in point.

"There is no dispute under the authorities that a direct grant of a right of way carries with it only an easement in the land. Rights of way are classified as easements by Section 801 of the Civil Code, and in Section 2631 of the Political Code nothing passes by a grant of a right of way but that which is necessary for its reasonable and proper enjoyment." (*Parks* v. *Gates, supra,* citing authorities.)

In view of the language contained in the deeds before us, it does not seem reasonable that it was the intention that the Irrigation District could convey the land to others or that the land could be used for purposes other than that set forth in the *habendum* clause of the deed, and the trial court so found.

Respondent also claims title to the so-called Chatom drain by virtue of the reversion to respondent because of the abandonment of this strip of land by the Irrigation District.

In the deed of 1913 from respondent's predecessor to the Irrigation District, we find (*supra*) that the land was conveyed for a canal and waterway, and if the project was abandoned or not needed for such purposes the land would revert to the grantor.

The Irrigation District is still using the concrete lined canal paralleling the Chatom drain, but the court found from the evidence that the district had abandoned the easterly

portion of the land described in the deeds, the so-called Chatom drain.

Appellants then contend that if they have no title by grant then they have title by prescription to the land in dispute. Respondent does not dispute the right of the Irrigation District to the portion of the granted lands used by it for drainage purposes, but she does contend that the Irrigation District in 1930 abandoned the Chatom drain and now uses exclusively the concrete lined canal to dispose of its drainage waters. Inasmuch as the right of the district was limited to a special purpose it could not convey to the city any greater use or title than it itself possessed. And in view of the fact the canal was not finished until 1919, and the purported deed from the Irrigation District to the city was executed in 1922, at that time even if the district's use of the ditch was adverse to respondent, the Irrigation District had acquired no prescriptive title, and having no title could convey none; but even if it had such title, it could not by a conveyance, create a greater burden than the servient tenement was then under. It would therefore seem that even if the district had some right in the land, such right would not enure to the benefit of the city. (*Cummings* v. *Cummings*, 55 Cal. App. 433 [203 Pac. 452].)

Neither is respondent barred by laches, for in *City of Turlock* v. *Bristow, supra,* the court held: ''Neither prescriptive rights, laches nor the statute of limitations is a defense against the maintenance of a public nuisance.'' Furthermore, the burden of proving laches rests upon the one relying upon such defense, and this defense was not raised in the pleadings nor during the trial. (*Mills* v. *Richmond Co.*, 63 Cal. App. 594 [219 Pac. 465].)

In regard to lot 11, neither the Irrigation District nor the city had any easement or other title by grant. It was admitted by respondent at the trial that the district had an easement by prescription over lot 11, and that the City of Turlock had an easement by prescription over that part of lot 11 wherein the sewage is conveyed in an enclosed pipe line, but as to that portion where the sewage is conveyed in an open ditch, and found by the court to constitute a nuisance, no easement by prescription would vest.

In answer to the last point that the court should have permitted the city to exercise its power of eminent do-

main, it does not appear that the city presented this matter either in the pleadings or at the trial, and we need merely suggest that even if title were acquired by such proceedings the city could not so run its sewage across the lands of respondent as to constitute a public nuisance.

For the foregoing reasons the judgment should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1938.