[Civ. No. 4595. Second Appellate District, Division Two.—September 12, 1927.]

MYRTLE MAE WILLIAMS et al., Respondents, v. BLUE BIRD LAUNDRY COMPANY, Appellant.

Ward Chapman and L. M. Chapman for Appellant.

James Donovan and Hugh E. MacBeth for Respondents.

CRAIG, J.—Appellant was the owner of and operated a steam laundry in the city of Los Angeles and had obtained a permit for and contemplated erecting and operating another laundry in the same community. The respondents, residents of that vicinity, sued to obtain an injunction restraining the operation of the old laundry and from constructing the new building and using it for the operation of a like business. The complaint alleged that at the establishment being operated when suit was filed unwashed laundry was strewn upon the sidewalk which emitted offen-

sive odors, machinery was operated late at night which caused loud and disturbing noises to near-by residents, crude oil was burned which gave off heavy black smoke and soot,- and an offensive odor was created by materials used in operating the laundry, all of which created a nuisance and were offensive to the senses and deleterious to the health of the plaintiffs; that the defendant had begun the construction of another laundry across the street from the one first mentioned, which would be operated in the same manner and under the same conditions as the old laundry, and which also would create a nuisance. Issue having been joined, and a trial had upon the pleadings so framed, the trial court found the foregoing facts to be true, and rendered judgment in favor of the plaintiffs, enjoining the defendant from operating machinery in either laundry between the hours of 9 o'clock P. M. and 6 o'clock A. M. of each day, and from causing loud noises, creating offensive odors, black smoke, or soot, and from so operating either laundry as through any of the last-mentioned causes, or in any manner, to render them deleterious to the health of the plaintiffs.

A number of grounds are urged for a reversal. █ First, it is complained that the facts stated in the complaint are not sufficient to constitute a cause of action, because the nuisance, if any be alleged, is not one resulting in special damage to the plaintiffs. Among other things the complaint alleges that unless an injunction is issued irreparable injury will be done to plaintiffs, in that "their homes will be made uninhabitable by reason of the noxious fumes arising and emanating from said laundry and the operation of said laundry will become a nuisance to the health of the plaintiffs and their neighbors, and will impair the value of their homes and property, destroy the flowers and vegetation in their yards and make it impossible for the plaintiffs to continue to reside therein," etc.

These allegations are sufficient to charge a special injury, even though the same conduct may be alleged to have been injurious to the general public. (*McIntosh* v. *Brimmer,* 68 Cal. App. 770 [230 Pac. 203]; *Lind* v. *City of San Luis Obispo,* 109 Cal. 340 [42 Pac. 437].) █ If the nuisance invades a distinct private right, a cause of action for injunction is not destroyed by the fact that similar rights of an indefinite number of other persons are also infringed

in the same manner. (*Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592 [89 Pac. 330] ; *Brown* v. *Rae*, 150 Cal. 171 [88 Pac. 713] ; *Fisher* v. *Zumwalt*, 128 Cal. 496 [61 Pac. 82].)

It seems to be assumed that because the premises on which the laundry is situated were zoned to permit the maintenance of such establishments, all persons building residences in that vicinity must submit to such discomforts and injuries as are ordinarily incident to the operation of similar industries in the manner in which they are customarily conducted. We do not understand this to be the law. The doctrine of coming to a nuisance was long ago exploded. The operation of a business under municipal permission does not justify the creation or continuance of a private nuisance. (*Strong* v. *Sullivan*, 180 Cal. 331 [4 A. L. R. 343, 181 Pac. 59] ; *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168 [21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183, 106 Pac. 581] ; *Sullivan* v. *Royer*, 72 Cal. 248, 1 Am. St. Rep. 51, 13 Pac. 655] ; *Tuebner* v. *California St. R. R. Co.*, 66 Cal. 171 [4 Pac. 1162] ; *Humphrey* v. *Dunnells*, 21 Cal. App. 312 [131 Pac. 761] ; *Coates* v. *Atchison, T. & S. F. Ry. Co.*, 1 Cal. App. 441 [82 Pac. 640].)

The trial court found that the manner in which the existing laundry was operated was offensive to the senses, deleterious to the health of the plaintiffs, and constituted a nuisance, and it is urged that the evidence is insufficient to support such finding. From the evidence introduced by the plaintiffs it appears that the Blue Bird laundry was operated daily, frequently on Sunday, and at times until 11 o'clock or later at night; that a shrill whistle was blown mornings, at noon, and in the evening; that the boilers were often blown out, causing loud noises and filth to permeate the air; the machinery rumbled and roared like "the billows at the beach"; thick, heavy, oily smoke emanated from the laundry, which settled upon the outside of houses, and inside upon the furniture and linen, covering them with a dark, greasy substance which it was found difficult, or impossible, to remove; soot and grease were deposited upon the grass and flowers of neighboring yards to a distance of five hundred feet in all directions, which discolored and wilted vegetation; obnoxious, offensive odors from chemicals or substances used in the laundry floated throughout the community; that during the early part of each week, for two or three days at a

time, large quantities of unwashed laundry which gave off offensive odors were piled on the sidewalks, and which also blocked the walks, requiring school children and others desiring to pass to travel in the middle of the street or else go around the block; that as a result of these things roomers had been compelled to move from the neighborhood, and permanent residents in ill health were constantly irritated and prevented from sleeping at night. There is in the record an abundance of evidence of these noises, odors, blocking of sidewalks, soot and grease deposits. Some of the witnesses swore that at times the air was so dense with pungent odors as to cause violent coughing and sneezing.

■ Every intendment must be resolved in support of the judgment of the trial court, and under this rule we are impelled to accept as true the foregoing facts which the evidence of the plaintiffs, respondents here, strongly tended to establish, and the findings and judgment of the court that a nuisance was created by such operation of the defendant and appellant's establishment. This being true, we think the evidence was amply sufficient in that respect.

■ It is strenuously contended that because the judgment merely restrains the defendant from so conducting its plants as to cause loud noises, offensive odors, black smoke and soot, it is so indefinite as to render it ineffective, and that it must be reversed; that it is impossible to determine what degree of noise, or degree of odor, etc., would constitute a violation of the injunction, and that the defendant may be subjected to citations for contempt at any time that one of the plaintiffs may deem any noise, odor, or smoke objectionable to himself. However, the judgment plainly states that the laundry or laundries shall be so operated as to avoid causing loud noises, offensive odors, black smoke, or soot, or in any other such manner as to be deleterious to the health of the plaintiffs. We think the entire judgment when read together is sufficiently definite in this regard. Appellant bases its argument upon *Powers* v. *Perry*, 12 Cal. App. 77 [106 Pac. 595], and *Steinberger* v. *Meyer*, 130 Cal. 156 [62 Pac. 483], wherein judgments were held to be fatally uncertain. In *Powers* v. *Perry*, it was held that the complaint failed to allege the amount of water needed for the plaintiffs' needs, and that from the language of the judgment providing that they should be afforded "sufficient water for

household purposes,'' it would be impossible to determine the extent of servitude sought to be placed upon the defendants' land, since the plaintiffs might build several houses upon the land in the future. In *Steinberger* v. *Meyer* the judgment declared that the plaintiff had the legal right to divert all of the water of Willow Branch Creek at any and all times, and in the same judgment it was recited that the defendant as against the plaintiff was lawfully entitled to the free and unobstructed flow and to the diversion and use of sufficient water from certain springs to properly and thoroughly irrigate three acres of land for domestic purposes. It was there said by the supreme court that nothing was said in the judgment as to the injunction prayed for in the complaint, and that it would be utterly impossible to determine how much water was necessary to ''properly and thoroughly irrigate in the aggregate three acres of land.'' It is obvious that these cases are not in point, for while any amount of water might be diverted in either case without violating the inhibiting clause of the judgment, any of the acts forbidden by the decree in the instant case would constitute an infraction of its provisions sufficiently serious to be ''offensive to the senses'' or ''deleterious to the health of the plaintiffs.'' The injunction is not more indefinite than that in *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168 [21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183, 106 Pac. 581], which was upheld. There the judgment enjoined the defendant from operating gas works in such a manner as to cause or permit smoke, gasses, or offensive smells or fumes to be emitted therefrom or to be precipitated upon the property of the plaintiff. In interpreting this language the supreme court said: ''The appellants are enjoined from maintaining the same sort of annoyance that had caused the annoyance to the plaintiff.'' This is true in the instant case. The evidence showed and the court found that loud noises, offensive odors, black smoke, and soot emanating from the appellants' laundry were offensive to the senses and deleterious to the health of the plaintiffs, and that they created a nuisance. It is these objectionable emanations, the same sort of nuisance which had caused the annoyance to the plaintiffs, that are enjoined. Even if true, it is no objection to the validity of an order that there is room for difference of opinion as to what noises are loud, what odors

are offensive, and what smoke is black. An injunction against the diversion of more than a continual flow of six miner's inches of water would hardly be questioned as indefinite, and yet when charged with its violation it might be seriously contended that the amount taken was not six miner's inches, though after a hearing the court should so find and hold. An order restraining the maintenance of a flume on a certain property would scarcely be attacked as indefinite, and yet upon citation for its violation the defendant might claim that the conduit which he had built was not a flume. Such a theory as that the term "black smoke" is indefinite because one of the parties might be color blind and claim that the smoke was blue would render practically all injunctions indefinite and result in it being possible to nullify almost any judgment. The shriek of a steam engine is surely a loud noise, and yet some persons might think and argue otherwise. If the operation of the defendant's plant should be deemed by the plaintiffs to create such noises or pollution of the atmosphere as to be deleterious to their health or offensive to their senses and should they produce competent and satisfactory evidence that any or all of these objectionable features were injuring or destroying their health, we think they would be entitled to relief under the terms of the judgment, otherwise not.

It is next insisted that the defendant Blue Bird Laundry Company having operated its laundry for a period of more than ten years, and the plaintiffs having been fully aware of the manner in which it was conducted, they acquiesced, and that they waived any legal objection which they may have had, and therefore approved and ratified the nuisance which the trial court found existed. No California authority is cited which recognizes this rule, and we are unable to find one. It has repeatedly been held that in suits for injunction by a private person to enjoin an offense amounting to a public nuisance, no lapse of time will justify the special injury; that while laches or the statute of limitations may in proper cases be pleaded in bar of the original act which created the conditions sought to be enjoined, neither one is a ground of defense to a continuing nuisance, since the character of such offense gives rise to successive rights of action. (*Bowen* v. *Wendt*, 103 Cal. 236 [37 Pac. 149]; *McClean* v. *Llewellyn Iron Works*, 2 Cal. App. 346

[83 Pac. 1082] ; *Kafka* v. *Bozio*, 191 Cal. 746 [29 A. L. R. 833, 218 Pac. 753].) The appellant was not sought to be restrained from erecting the Blue Bird laundry. The respondents alleged, their evidence tended to establish, and the court below found that its present operation was such as to constitute a nuisance. Nor in this case is it contended or shown that the delay and acquiescence on the part of the plaintiffs misled the laundry company so as to result in the expenditure by the latter of large sums of money or in fact any money whatever. In this regard the instant case is similar to those cited in this paragraph. We must therefore hold that the respondents were not estopped to maintain their action for abatement of the offenses of which they complained. ▪ From what we have said it is apparent that had findings been made upon the defenses of acquiescence and estoppel which were interposed, such findings would necessarily have been against the defendants' contentions; hence, the failure of the trial court to make findings upon these issues was not prejudicial.

▪ The only other point advanced by appellant is that the evidence, portions of which have heretofore been stated, and the finding of the trial court which in substance recites the same facts, do not justify an injunction against the establishment and maintenance of the proposed new laundry. As we have already observed, the judgment of the trial court restraining the operation of the old laundry in such manner as to create odors, noises, smoke, etc., which were deleterious to health, was warranted by the evidence. With respect to the new laundry, it was alleged that the defendant would, unless restrained from so doing, erect, maintain, and conduct another laundry across the street from the first one, in the same manner and with the same injurious features as those complained of with respect to the laundry then in operation. The defendants denied by their answer that the new laundry would be so operated as to constitute a nuisance to the plaintiffs, or that any deleterious odors would emanate therefrom. It appears that application was made to the city of Los Angeles for a permit to build an addition to the old laundry; that the defendant commenced construction of another laundry across the street from the one in operation, and intended using electric power, but that the oil burners would be maintained in the old plant and steam-piped under the street

to the new one, where the actual washing was to be done. During the trial the court visited and inspected the premises for the purpose of observing the character and extent of the noises, odors, smoke, and soot complained of, which, when the inspection was made, appear from the record to have been negligible. Appellant's witnesses swore that the. court had been shown the average existing conditions, and that at no time was there appreciably more noise, smoke, or odor than existed at that time; that a bell could be substituted for the whistle, objectionable odors, if any, might be eliminated, and that soiled laundry need not be piled upon the sidewalk, but that they could offer no assurance that the small flow of smoke could be avoided. On the day following the court's inspection witnesses called by the plaintiffs in rebuttal testified that there was as much difference between the noises made while the judge was present and that on other days "as an empty wagon going on a rocky mountain and a buggy going on a level ground," "something like using a .22 rifle to an ordinary shotgun"; that when standing within fifty feet of the laundry the witness on the day of the court's visit could scarcely hear any noise, whereas all during the preceding four years one "could hear that noise for blocks"; that while there was but little or no smoke the day before "worth anything compared with the smoke that there would usually be," on other days it flowed "just as full as that smokestack can hold it."

The trial court having made a personal inspection, and having had all of the witnesses before it, may have concluded that the defendant wilfully suppressed physical evidence, and that notwithstanding its strenuous protests to the contrary, the noises and odors at the new plant would in all probability be no less than those complained of and restrained at the old one. (Code Civ. Proc., sec. 1963, subd. 5.) Upon the maxim *falsus in uno, falsus in omnibus,* the court would have been warranted in disbelieving the representations of the defendant and its witnesses concerning the alleged harmless and inoffensive means and methods to be employed in the laundry under construction, and would have been justified in concluding that unless restrained the objectionable elements involved in the operation of the old laundry would be continued in the addition.

Since the appellant represented that it contemplated removing its machinery and operating its laundry in the new building, the only reasonable ground for the court's viewing the old plant would have been for the purpose of determining in what manner the new one would be conducted. If the court concluded that with this in view the defendant had misled the court as to the true situation, it was wholly justified in restraining deleterious noise, odor, and smoke at either laundry.

The court did not grant the injunction prayed by the plaintiffs, restraining the operation of both laundries, but enjoined the defendant from so operating either laundry as to be deleterious to the health of the plaintiffs, which we think was not improper in view of all of the evidence before it. In *McIntosh* v. *Brimmer*, 68 Cal. App. 770 [230 Pac. 203], it was said: "Where the injury complained of results from a business which is not *per se* a nuisance, it being caused only by reason of the manner in which the business is conducted or by the surrounding circumstances, it is always proper for the court to so frame its decree that defendant's business will not be absolutely prohibited, if this can be done and still give the plaintiff the relief to which he is entitled. (*Collins* v. *Wayne Iron Works*, 227 Pa. St. 326 [76 Atl. 24]; 20 R. C. L., p. 482.)"

We find no error in the granting of the injunction as framed, and the judgment is therefore affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1927.