[Civ. No. 169.   Fourth Appellate District.—December 31, 1930.]

EVA H. FENDLEY et al., Appellants, v. CITY OF ANAHEIM (a Municipal Corporation) et al., Respondents.

732

R. T. Walters for Appellants.

George F. Holden for Respondents.

WARMER, J., *pro tem.*—The complaint, so far as pertinent here, alleges damage to the properties owned and occupied by the plaintiffs and damages for the personal discomfort of plaintiffs because of the vibrations, noises, shaking and

jarring of the residences of plaintiffs caused by the operating of a certain gas-engine, compressor and machinery of the defendants operated in the neighborhood of the residence of said plaintiffs.

The answer denies the damages, but admits the operation of said machinery; alleges that the plant is operated in what might be termed an industrial part of the said city; that said plant was necessary in the opinion of said city for the purpose of supplying light and power for said city; that said plant was constructed and operated in a skilful and reasonable manner.

The court found that the plant was properly constructed and installed, and skilfully operated; that the operation thereof caused vibrations of, and in, the residences of plaintiffs, but caused no damage to the properties, neither did said operation of said plant cause personal discomfort to the plaintiffs or any of them, and gave judgment for defendants. From this judgment plaintiffs appeal.

Appellants urge the insufficiency of the evidence to support the findings. ■■ In examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been drawn by the trial court to lead to the same conclusion; and every substantial conflict in the testimony is to be resolved in favor of the finding. (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 Pac. 1157].)

■■ The evidence most favorable to respondents to sustain the questioned finding is as follows: First, that there were vibrations in the residences of the appellants to such an extent that a bouquet of flowers on a dining-room table shook slightly; that a picture hanging on the wall of one of the residences shook slightly, such shaking was apparent by the changing reflections of the light on the picture; that the perfume in a small bottle placed on a dresser moved slightly on account of the vibrations; that the lace or fringe on the shades of a small floor lamp shook slightly; that no vibrations were noticeable while standing on the floor of either house, but that, when a person leaned against the door or door-frame a vibration was noticeable; that some of respondents' witnesses did not observe any vibration

while sitting in a chair of the residences of the plaintiffs, while others did; that such vibrations were continuous when plant was operating; that plant operated more or less continuously day and night; that vibrations were more noticeable at some hours than at others; second, that the residences of appellants were in a section of the city where there was a lemon and orange association building, a junk yard, a building that had been formerly used as a livery-stable but was then being used as a transfer and truck building; that there had been a marmalade factory in the neighborhood which was then being used as a fertilizer plant; that the railroad main track and switches were close by; and that the property of the appellants was on a main public thoroughfare upon which there was heavy traffic; third, that the court visited the premises on two occasions during the course of the trial; that on one occasion the Fendleys, appellants, were having the plaster on their house repaired and the plasterer testified that he had difficulty in getting the plaster to stick to the laths because of vibrations in the building; fourth, that such a plant cannot be operated without vibration and the load thereof does not affect the vibrations caused; that the plant was skilfully installed and reasonably operated.

The appellants testified, and it is not denied, that Mrs. Fendley and Mrs. Timme were disturbed in their sleep, became nervous and irritable after and during the operation of said plant; that they had no such trouble or difficulty before said plant was put in operation; that Mrs. Timme's tenants complained of the vibrations and others threatened to leave the premises if the vibrations continued; that appellants, on a number of occasions, got up during the night and plugged the doors and windows to stop their rattling; that a guest member of the Fendley home was unable to sleep on at least one occasion and left the Fendley house in the night-time; that another guest member of the Fendley family was unable to partake of a meal at the Fendley home because of sickness caused by the vibrations; that dishes on the dining-room table rattled during the meal-time. The evidence on the part of appellants described the vibrations, shaking and jarring over a period beginning with the installation of the plant and as very much more pronounced than respondent's evidence indicated, and con-

tinuing to the time of the trial, while respondent's evidence consists largely of persons who made a more or less casual inspection and observation of the premises during the course of the trial. No observations were made by respondent, so far as the record goes, during the night-time.

Applying the rule for the appellate court in examining a questioned finding, we are of the opinion that the evidence is insufficient to sustain the finding, in fact, we cannot perceive how a residence could escape some appreciable damage from a vibration that would cause a bouquet of flowers on the dining-room table to reveal the vibrations, and liquid in small bottles to manifest the presence of vibrations; in fact, it appears by respondent's own evidence that they were of such a nature as to declare the presence of vibrations or shaking that would materially damage property. The evidence of respondent does not meet the requirement of law that the evidence must be substantial in order to support a questioned finding.

The fact that appellants' properties were located within 100 to 150 feet of respondent's plant constitutes one of the circumstances that must be taken into consideration in arriving at a conclusion as to whether or not a nuisance existed, also the fact that appellants resided there prior to the installation and operation of this plant by respondent city, but are not conclusive. (*McIntosh* v. *Brimmer,* 68 Cal. App. 770 [230 Pac. 203].) Respondents rely upon the fact that the territory in which the property of appellants is located having been zoned by the respondent city for semi-industrial purposes places the appellants in a different situation than they would have been had no zoning existed, and therefore they are not entitled to the relief sought. The appellate court in the case of *Williams* v. *Blue Bird Laundry Co.,* 85 Cal. App. 388, at 392 [259 Pac. 484, 485], said: "It seems to be assumed that because the premises on which the laundry is situated were zoned to permit the maintenance of such establishments, all persons building residences in that vicinity must submit to such discomforts and injuries as are ordinarily incident to the operation of similar industries in the manner in which they are customarily conducted. We do not understand this to be the law. The doctrine of coming to a nuisance was long ago exploded. The operation of a business under

municipal permission does not justify the creation or continuance of a private nuisance. (Citing cases.)"

An owner of property must not use it even in a lawful business in such manner as to interfere with another in the legitimate use of his property. (*Tuebner* v. *California Street etc.*, 66 Cal. 171 [4 Pac. 1162].) If a nuisance invades a distinct private right a cause of action for injunction exists. (*Williams* v. *Blue Bird Laundry, supra.*)

Applying the rules above stated we are of the opinion that the operation of the gas-engine and compressor and machinery of respondents under all the circumstances here was a private nuisance, and was an invasion of a distinct private right of the appellants, both as to property and personal right of comfortable use of their residences.

The trial court having inspected the premises, of course what it observed is evidence. However, after such inspection we find that the record discloses the court, in a summary of the case, at the conclusion of the trial, says that (which is not evidence) he discovered vibrations, the presence of which was made manifest in the same manner as the witnesses had described, and he also observed a rattling of the windows. Under such circumstances, at most the observations of the court while viewing the premises were simply in corroboration of the evidence. However, there is no evidence that any observation of the conditions present upon the premises of appellants was made by the court at night-time when most of the discomforts complained of appeared. We are of the opinion that under such circumstances the inspection of the premises by the court cannot add sufficient weight to sustain the questioned finding. Under all the circumstances disclosed here it would be scarcely necessary to produce evidence that the vibrations would not have a tendency to, and in fact, loosen and crack the plaster. However, the plasterer testified that he had difficulty in making the plaster stick to the laths because of the vibrations present. We are of the opinion that said plant as operated by said respondent diminished the value of appellants' property.

The law of nuisances where personal discomfort is the ground of complaint is only applied to normal persons, to persons of normal sensibilities. (*McIntosh* v. *Brimmer, supra.*) The record is silent as to any evidence from which

a conclusion or inference could be drawn that the appellants, Mrs. Timme and Mrs. Fendley, were persons of other than ordinary sensibilities. The evidence, without contradiction, shows that they were each disturbed by the conditions created by the operations of respondent's plant. If evidence were offered tending to show that the conditions here would have no detrimental effect upon a person of ordinary sensibilities, common experience would dictate that such evidence would necessarily be subjected to great scrutiny because of its inherent improbability. The fact that tenants of Mrs. Timme were leaving, or threatening to leave, her premises unless such vibrations ceased, would indicate the vibrations were of such character as not to comport with comfort; the fact that guests of Mrs. Fendley left in the night-time because of their inability to sleep on account of such vibrations, and that certain guests could not eat a meal at the home of Mrs. Fendley because the vibrations caused illness, does not comport with a right of comfort in the use of the premises. In order to justify an abatement of a nuisance it is not necessary that the health of the plaintiff or members of his family should have been impaired. (*Judson* v. *Los Angeles etc.*, 157 Cal. 168 [21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183, 106 Pac. 581].)

The fact that the neighborhood in which the plaintiffs' residences were located was devoted to some extent to industry, did not authorize the defendant to conduct his business in such a manner as to interfere with the right of plaintiffs to the comfort of their residences. (*Dauberman* v. *Grant,* 198 Cal. 586 [48 A. L. R. 1244, 246 Pac. 319].) In the instant case, taking all the evidence most favorable to the respondents, together with every legitimate inference that could be drawn therefrom, shows beyond doubt that the operation of respondent city's plant detrimentally affected the value of appellants' property and infringed upon the rights of appellants to a comfortable use of their residences to their damage. The injury being appreciable the *quantum* thereof must be fixed by the trial court. The fact that the plant was properly installed and skilfully operated gives no right to the respondent to thus invade the rights of appellants.

For the foregoing reasons the judgment is reversed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 26, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.