[L. A. No. 20271. In Bank. Dec. 23, 1948.]

DR. LEO GELFAND et al., Respondents, v. CHARLES
H. O'HAVER et al., Appellants.

Charles H. O'Haver, in pro. per., and Charles W. Wolfe for Appellants.

Hortense Stahl for Respondents.

CARTER, J.—Plaintiffs obtained an injunction restraining defendants from maintaining a nuisance by unreasonable and injurious methods of operation of their music studio.

Defendants operate a music studio in an area in the city of Los Angeles where the zoning ordinance permits the operation of such a business. Plaintiffs are the occupants of neighboring buildings. The court found that the studio is conducted in a residence building "without sound proofing the same or adapting it for such [music school business] use, and that in so doing have caused or permitted persons to sing and rehearse and practice on musical instruments, individually and in groups, such as bands and orchestras consisting of wind instruments, brass instruments and combinations thereof, as well as vocal exercises daily and including sounds from early hours of the morning to late hours of the night.

"That during such practicing and rehearsing, defendants have opened or permitted others to open doors and windows of defendants' residence"; that such activities occur in such volume that they are heard by plaintiffs in their residences and places of business day and night; that the sounds injuriously disturb and offend and affect plaintiffs and their businesses; that the place where defendants conduct the studio is "not designed for nor adapted to such purpose, insofar as controlling discordant musical sounds coming therefrom, is concerned.

"That the methods of operation of defendants' said studios are unnecessary, unreasonable and injurious.

"That the defendants are creating the nuisance herein complained of as the direct result of said unnecessary, unreasonable and injurious methods of operation."

Defendants challenge the judgment on two grounds: (1) That there is insufficient evidence to support the judgment and (2) that the judgment is too vague and uncertain.

On the first proposition defendants contend that there is no evidence to establish a nuisance justifying injunctive relief

for there is no evidence that the studio is operated or conducted in a manner different from other studios in the city and that such evidence is necessary under section 731a of the Code of Civil Procedure. That section provides: ''Whenever any city . . . shall have established zones or districts under authority of law wherein certain . . . commercial uses are expressly permitted, except in an action to abate a public nuisance brought in the name of the people of the State of California, no person . . . shall be enjoined or restrained by the injunctive process from the reasonable and necessary operation in any such . . . commercial zone of any use expressly permitted therein, nor shall such use be deemed a nuisance *without evidence of the employment of unnecessary and injurious methods of operation.*'' [Emphasis added.]

Prior to the addition of that section to the Code of Civil Procedure in 1935, the law was settled that a person could enjoin certain conduct as a nuisance even though the business was conducted in a district zoned to permit business of the type of which complaint was made and defendant was making an effort to operate his business in a careful and efficient manner. (*Eaton* v. *Klimm,* 217 Cal. 362 [18 P.2d 678]; *Vowinckel* v. *N. Clark & Sons,* 216 Cal. 156 [13 P.2d 733]; *Judson* v. *Los Angeles Suburban Gas Co.,* 157 Cal. 168 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183]; *Tuebner* v. *California St. R. R. Co.,* 66 Cal. 171 [4 P. 1162]; *Miles* v. *A. Arena & Co.,* 23 Cal.App.2d 680, 684 [73 P.2d 1260]; *Fendley* v. *City of Anaheim,* 110 Cal.App. 731 [294 P. 769]; *Williams* v. *Blue Bird Laundry Co.,* 85 Cal.App. 388 [259 P. 484]; 166 A.L.R. 659.) In the light of that rule the manifest purport of the adoption of section 731a was to eliminate injunctive relief where the business is operated in its appropriate zone and the only showing is an injury and nuisance to the plaintiff in such operation. He must now show more, namely, that the defendant employed ''unnecessary and injurious methods'' in the operation of the business. (See, *North Side Property Owners Assn.* v. *Hillside etc. Park,* 70 Cal.App.2d 609 [161 P.2d 618].) But that does not mean that the only evidence that will establish an unnecessary and injurious method of operation is a failure to pursue the methods customarily and usually employed in other similar businesses in the vicinity. While such evidence may be relevant to that issue, we see no reason why it should be indispensable. For illustration, it is said in *Hannum* v. *Gruber,* 346 Pa. 417 [31 A.2d 99, 102], in discussing what is such an unreasonable or

unnecessary operation of a business as to make it a nuisance: "If the defendant's plant is emitting more of these annoying things than other plants in the same business and of equal output are emitting, there is something wrong with the equipment and management of the defendant's plant and the smoke, odors, gases, smudge, and noises are unnecessary and unreasonable. If devices or more efficient management which would reduce the smoke, odors, gases, smudge and noises and vibrations issuing from its plant are available to the defendant at a reasonable expense, it is the duty of the defendant to secure such devices or management, and, if it fails to do so, the smoke, noises, etc., emitting from its plant may be regarded as unnecessary and unreasonable."

There is nothing in *McNeill* v. *Redington,* 67 Cal.App.2d 315 [154 P.2d 428], or *North Side Property Owners Assn.* v. *Hillside etc. Park, supra,* contrary to the foregoing interpretation of section 731a. Indeed in the latter case the court intimates that an unnecessary method may be established by evidence other than the custom of others engaged in like businesses. In pointing out the deficiencies in plaintiffs' pleadings it is stated (p. 618): "Nowhere in the complaint or the complaint in intervention herein is there any allegation that respondent proposes to or will operate said cemetery in any other than a 'reasonable and necessary' manner as cemeteries are usually and ordinarily conducted, *nor is there any allegation of the threatened use of 'unnecessary or injurious' methods* in the operation of the cemetery." [Emphasis added.]

In support of the findings of the employment of unnecessary and injurious methods of operation, there is evidence that the building used for the studio is a residence; that nothing was done to soundproof it or adapt it to the operation of the business; that windows were left open permitting free flow of the sound; and that the noise emanated from the studio day and night. That is plainly sufficient to support the finding and to satisfy the requirement under section 731a that there be evidence of the employment of unnecessary and injurious methods of operation.

The judgment for the injunction which defendants claim is too vague and uncertain reads that defendants be restrained "from creating a nuisance by unnecessary, unreasonable and injurious methods of operation of their said music studio in their residence at 611 North Larchmont Boulevard, Los Angeles, California, which methods of operation can be corrected by adapting said premises to such commercial use."

222

■ There can be no doubt that an injunction must not be uncertain or ambiguous and defendant must be able to determine from it what he may and may not do. (*Weber* v. *Superior Court,* 26 Cal.2d 144 [156 P.2d 923]; *Brunton* v. *Superior Court,* 20 Cal.2d 202 [124 P.2d 831]; *Plummer* v. *Superior Court,* 20 Cal.2d 158, 164 [124 P.2d 5].) It is also true, however, that resort may be had to the findings of fact and conclusions of law to clarify any uncertainty or ambiguity in a judgment. (*Downs* v. *Kroeger,* 200 Cal. 743 [254 P. 1101]; *Ampuero* v. *Luce,* 68 Cal.App.2d 811 [157 P.2d 899]; 14 Cal.Jur. 958, 960.)

■ In the instant case the court found that no effort had been made to adapt the residence to a music studio use; that the methods of operation are unnecessary and unreasonable; that no soundproofing had been done; that the windows were left open and noises emanated therefrom day and night causing injury to the plaintiffs. The judgment provides that the condition could be corrected by making the residence suitable for conducting a music school business and the method of accomplishing that end is presumably within the knowledge of the operators of that character of business. The judgment followed the language of the statute. (Code Civ. Proc., § 731a, *supra.*) From all of these circumstances we believe the judgment is sufficiently certain. The judgment is not too broad as was the case in *People* v. *Robin,* 56 Cal.App.2d 885 [133 P.2d 436]. It does not purport to prohibit defendants from operating their business. It is more nearly like the injunction in *Williams* v. *Blue Bird Laundry Co., supra,* which restrained defendants from operating its laundry so as to cause "loud noises, offensive odors, black smoke and soot." (P. 393.) To the charge of uncertainty the court replied: "However, the judgment plainly states that the laundry or laundries shall be so operated as to avoid causing loud noises, offensive odors, black smoke, or soot, or in any other such manner as to be deleterious to the health of the plaintiffs. We think the entire judgment when read together is sufficiently definite in this regard. . . . The evidence showed and the court found that loud noises, offensive odors, black smoke, and soot emanating from the appellants' laundry were offensive to the senses and deleterious to the health of the plaintiffs, and that they created a nuisance. It is these objectionable emanations, the same sort of nuisance which had caused the annoyance to the plaintiffs, that are enjoined. Even if true, it is no objection to the validity of an order that there is room for difference

of opinion as to what noises are loud, what odors are offensive, and what smoke is black. . . . Such a theory as that the term 'black smoke' is indefinite because one of the parties might be color blind and claim that the smoke was blue would render practically all injunctions indefinite and result in it being possible to nullify almost any judgment. The shriek of a steam engine is surely a loud noise, and yet some persons might think and argue otherwise. If the operation of the defendant's plant should be deemed by the plaintiffs to create such noises or pollution of the atmosphere as to be deleterious to their health or offensive to their senses and should they produce competent and satisfactory evidence that any or all of these objectionable features were injuring or destroying their health, we think they would be entitled to relief under the terms of the judgment, otherwise not." (Pp. 393, 394, 395.)

The injunctive relief here granted falls well within the rule announced in the above cited authorities and the judgment granting such relief is therefore affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied January 20, 1949.